QUINN EMANUEL URQUHART & SULLIVAN LLP
Zachariah Summers (SBN 255284)
zachsummers@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Raymond N. Nimrod (*pro hac vice* pending)
raynimrod@quinnemanuel.com
Richard W. Erwine (*pro hac vice* pending)
richarderwine@quinnemanuel.com
51 Madison Ave.
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

***Attorneys for Plaintiffs Jiaxing
Super Lighting Electric Appliance Co., Ltd.,
and Obert, Inc.***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jiaxing Super Lighting Electric Appliance Co., Ltd., and Obert, Inc. | Case No. |
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MaxLite, Inc. | |
| Defendant. | |

Jiaxing Super Lighting Electric Appliance Co., Ltd. ("Super Lighting"), and Obert, Inc. ("Obert") (collectively "Plaintiffs"), by and through their counsel, hereby bring this action for patent infringement against Defendant MaxLite, Inc. ("Defendant" or "MaxLite") and allege as follows:

### Parties

1.      Super Lighting is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

2.      Obert is the North American affiliate of Super Lighting and is a corporation organized under the laws of the State of California with its principal place of business at 1380 Charles Willard St., Carson, CA 90746.  Obert operates a sales office and warehouse at that address in Carson, CA, serving customers in the U.S. market.  Obert plans to operate a factory at that address by 2020.

3.      MaxLite is a New Jersey corporation with its principal place of business at 12 York Avenue, West Caldwell, Essex County, New Jersey 07006.

### Background of the Parties

4.      Super Lighting and Obert share a parent, Zhejiang Super Lighting Electric Appliance Co. Ltd, and those three companies are collectively referred to as "Super Lighting Group" in this section.

5.      Super Lighting Group is an industry-leading manufacturer of commercial and industrial indoor lighting and has more than 2,100 employees worldwide.  Super Lighting Group offers a full range of energy efficient tube lighting products from fluorescent lamps to LED lighting.  Super Lighting Group's mission is to help create a more environmentally-friendly and sustainable society working closely with all brand-name players.  Super Lighting is today a significant supplier of LED tubes in the United States and the world.

6.      Since initially established in 1993, Super Lighting Group has conducted extensive research and development of its patented lighting technologies, including

fluorescent and LED tube lamp products.  As an innovator in the tube lamp sector, Super Lighting Group has made substantial investments over the past two decades that have driven progress across the lighting industry.  Super Lighting Group's investment has resulted in continuous innovation in the lighting sector, including to meet standards for safety and reliability. Super Lighting Group has an established patent portfolio of more than 600 patents worldwide primarily related to LED tube lamps, which are widely used in Double Ended Type B tube LED (Ballast Bypass), Type A tube LED (Direct Replacement) and mixed mode tube LED (Type A + Type B), the subject of this litigation.

7.     MaxLite imports, uses, offers to sell, and sells infringing Double Ended Type B tube LED (Ballast Bypass), Type A tube LED (Direct Replacement), and mixed mode tube LED (Type A + Type B).

**Super Lighting's Ownership and**

**Obert's Exclusive Licensing of the Patents-in-Suit**

8.     Super Lighting is the current owner and assignee of U.S. Patent Nos. 9,689,536 ("the '536 Patent"), 9,841,174 ("the '174 Patent"), 9,723,662 ("the '662 Patent"), 10,208,897 ("the '897 Patent"), 9,807,826 ("the '826 Patent") and 9,897,265 ("the '265 Patent") (collectively the "Patents-in-Suit") and has the right to bring and join actions by Obert to recover damages for MaxLite's infringement of the Patents-in-Suit.  The Patents-in-Suit are attached hereto as Exhibit 1 ("the '536 Patent"), Exhibit 2 ("the '174 Patent"), Exhibit 3 ("the '662 Patent"), Exhibit 4 ("the '897 Patent"), Exhibit 5 ("the '826 Patent"), and Exhibit 6 ("the '265 Patent").

9.     Obert is the exclusive licensee of the Patents-in-Suit and has the right to bring and join actions by Super Lighting to recover damages for MaxLite's infringement of the Patents-in-Suit.

1

**Jurisdiction and Venue**

2        10.    This action arises under the patent laws of the United States of America,

3    35 U.S.C. § 1 *et seq.*  This Court has jurisdiction over the subject matter of this action

4    pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5        11.    This Court has personal jurisdiction over MaxLite because, on information

6    and belief, MaxLite has had and has substantial, continuous, and systematic contacts

7    with this forum and has purposefully availed itself in California of the benefits of

8    conducting activities in the forum by purposefully directing its activities toward the

9    state, including by operating its "West Location" at 1148 Ocean Cir., Anaheim, CA

10   92806 and importing, using, offering to sell, and selling infringing products in this state

11   including at MaxLite's West Location, as well as to or through distributors and resellers

12   located herein, such as CED Laguna Hills, 23331 Peralta Dr., Ste 12, Laguna Hills CA

13   92653; West-Lite Supply Company, Inc., 12951 166th St., Cerritos, CA 90703; and

14   Main Electric Supply, Co., 3600 W. Segerstrom Ave., Santa Ana, CA 92704 (*see*

15   Exhibits 8-10), thereby obtaining the benefits and protections of the state's laws; the

16   dispute arises out of and has a substantial connection with MaxLite's contacts with the

17   state, including MaxLite's importation, use, offer for sale, and sale of the infringing

18   products herein; and the exercise of jurisdiction would be fair and reasonable.

19       12.    Plaintiffs incorporate paragraph 11 as if set forth herein.  Venue is proper

20   in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). Venue

21   is appropriate under 28 U.S.C. 1400(b) at least because MaxLite has committed acts of

22   infringement in this district and has a regular and established place of business in this

23   district.  MaxLite's regular and established place of business in this district includes but

24   is not limited to its West Location at 1148 Ocean Cir., Anaheim, CA 92806.  MaxLite's

25   acts of infringement include importing into, using, offering to sell, and selling

26   infringing products in this state including at MaxLite's West Location, as well as to or

27   through distributors and resellers located herein, such as CED Laguna Hills, 23331

28   Peralta Dr., Ste 12, Laguna Hills CA 92653; West-Lite Supply Company, Inc., 12951

1   166th St., Cerritos, CA 90703; and Main Electric Supply, Co., 3600 W. Segerstrom
2   Ave., Santa Ana, CA 92704 (*see* Exhibits 8-10).

3                     <u>**MaxLite's Infringement of the Patents-in-Suit**</u>

4          13.    MaxLite has infringed and continues to infringe the Patents-in-Suit.
5   Charts showing infringement of exemplary claims of the Patents-in-Suit by
6   representative features and functionality of accused products are attached as Exhibits
7   11-21 and are incorporated herein.   Plaintiffs reserve the right to assert additional
8   patents and claims and identify additional accused products.

9          14.    As described below, MaxLite has been and continues to infringe the
10  Patents-in-Suit by making, using, offering for sale, selling, or importing accused
11  products that practice the Patents-in-Suit.

12         15.    On September 26, 2018, Super Lighting provided notice to MaxLite of its
13  patents and accused products, including Double Ended Type B tube LEDs.

14         16.    Super Lighting provided further notice to MaxLite of the Patents-in-Suit
15  on November 28, 2018, including by providing MaxLite an identification of the
16  Patents-in-Suit and specific features and functionality of the products that practice the
17  Patents-in-Suit.  Super Lighting's letter provided additional notice of the Patents-in-Suit
18  and its licensing program. It also included an associated presentation on the products
19  covered by Super Lighting's patents and the claim elements of claims 18 and 28 of the
20  '174 Patent.

21         17.    Thereafter, the parties exchanged correspondence, and on December 5,
22  2018, Super Lighting offered to further explain to MaxLite the bases for Super
23  Lighting's infringement allegations.

24         18.    On January 18, 2019, after an additional exchange of correspondence,
25  Super Lighting further identified accused products infringing the '265 and '662 Patents
26  and provided infringement charts.

27

28

19.     On February 14, 2019, Super Lighting further indicated to MaxLite that MaxLite was infringing the '174, '265, and '662 Patents and specifically identified to MaxLite that it was additionally infringing the '536 Patent.

20.     MaxLite subsequently refused to engage in meetings to resolve the issues raised by Super Lighting, including ignoring additional requests for meetings.

21.     Since being provided notice of Super Lighting's patents, including the Patents-in-Suit, and the specific features and functionality Super Lighting accused of infringement at least by November 28, 2018, MaxLite has continued to infringe, deriving substantial value for its products using Super Lighting's patented technologies. MaxLite's conduct, including its response to the infringement allegations, subsequent communications between the parties, and response to the licensing offer described above, has been egregious.

22.     In order to protect Plaintiffs' interests and that of its customers and licensing partners, Plaintiffs filed this litigation to stop MaxLite's infringement.

## Count I

## (Infringement of U.S. Patent No. 9,689,536)

23.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24.     The '536 Patent was duly and legally issued on Jun. 27, 2017.  The '536 Patent is valid and enforceable. A copy of the '536 Patent is attached hereto as Exhibit 1.

25.     In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '536 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibit 11 (the "'536 Accused Products").  Plaintiffs reserve the right to assert additional claims of the '536 Patent.

26.     Upon information and belief, the '536 Accused Products satisfy each of the limitations of at least claim 1 of the '536 Patent, as further set forth in Exhibit 11 and incorporated herein.

27.     Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

28.     As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

29.     On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.   By at least as early as November 28, 2018, MaxLite had actual knowledge of the '536 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '536 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '536 Accused Products into the United States in disregard of the '536 Patent.

## **Count II**

### **(Infringement of U.S. Patent No. 9,841,174)**

30.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31.     The '174 Patent was duly and legally issued on Dec. 12, 2017.  The '174 Patent is valid and enforceable. A copy of the '174 Patent is attached hereto as Exhibit 2.

32.     In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '174 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibits 12-13 (the "'174

Accused Products").  Plaintiffs reserve the right to assert additional claims of the '174 Patent.

33.    Additionally, MaxLite has induced and is still inducing infringement of at least claim 18 of the '174 Patent in violation of 35 U.S.C. § 271(b).  MaxLite has and has had knowledge of claim 18 of the '174 Patent and the products practicing that claim based on, at least, the September 26, 2018, November 28, 2018, and February 14, 2019 correspondence described above, as well as this Complaint.  Since that time, on information and belief, MaxLite has acted affirmatively and with specific intent to encourage its original equipment manufacturers, distributors, and resellers (including at least CED, as well as others) to commit infringing acts, including manufacturing, using, selling, and importing devices capable of practicing at least claim 18 of the '174 Patent (including the accused exemplary product, MaxLite LED Tube L11.5T8DE440-CG4), based on MaxLite's control of and instructions for the manufacture, design, use, sale and importation of the infringing products.  MaxLite has further acted affirmatively and with specific intent that users of the infringing products commit infringing acts by providing operating instructions for installation to users of at least the accused exemplary product, MaxLite LED Tube L11.5T8DE440-CG4, with knowledge that the operating instructions, which include installation instructions, would cause users installing the product to practice at least claim 18 of the '174 Patent, which is directed to a detection method for an LED tube lamp that prevents a user from experiencing electric shock when the LED tube lamp is being installed. *See, e.g.*, Exhibit 7 (MaxLite LED Tube L11.5T8DE440-CG4 Operating Instructions, downloaded on May 4, 2019 from       https://websvc.maxlite.com//api/products/documents/manuals/?itemno= L11.5T8DE440-CG4).

34.    Upon information and belief, the '174 Accused Products satisfy each of the limitations of at least claims 18 and 28 of the '174 Patent, as further set forth in Exhibits 12-13 and incorporated herein.

35.   Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

36.   As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

37.   On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.   By at least as early as November 28, 2018, MaxLite had actual knowledge of the '174 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '174 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '174 Accused Products into the United States in disregard of the '174 Patent.

## Count III
### (Infringement of U.S. Patent No. 9,723,662)

38.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39.   The '662 Patent was duly and legally issued on Aug. 1, 2017.  The '662 Patent is valid and enforceable. A copy of the '662 Patent is attached hereto as Exhibit 3.

40.   In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '662 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibits 14-15 (the "'662 Accused Products").  Plaintiffs reserve the right to assert additional claims of the '662 Patent.

41.     Upon information and belief, the '662 Accused Products satisfy each of the limitations of at least claim 23 of the '662 Patent, as further set forth in Exhibits 14-15 and incorporated herein.

42.     Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

43.     As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

44.     On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.   By at least as early as November 28, 2018, MaxLite had actual knowledge of the '662 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '662 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '662 Accused Products into the United States in disregard of the '662 Patent.

## Count IV

## (Infringement of U.S. Patent No. 10,208,897)

45.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46.     The '897 Patent was duly and legally issued on Feb. 19, 2019.  The '897 Patent is valid and enforceable. A copy of the '897 Patent is attached hereto as Exhibit 4.

47.     In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '897 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibits 16-18 (the "'897

Accused Products"). Plaintiffs reserve the right to assert additional claims of the '897 Patent.

48.    Upon information and belief, the '897 Accused Products satisfy each of the limitations of at least claims 1 and 31 of the '897 Patent, as further set forth in Exhibits 16-18 and incorporated herein.

49.    Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

50.    As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

51.    On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.   By at least as early as November 28, 2018, MaxLite had actual knowledge of the '897 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '897 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '897 Accused Products into the United States in disregard of the '897 Patent.

## Count V
### (Infringement of U.S. Patent No. 9,807,826)

52.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 51 above as if fully set forth herein.

53.    The '826 Patent was duly and legally issued on Oct. 31, 2017.  The '826 Patent is valid and enforceable. A copy of the '826 Patent is attached hereto as Exhibit 5.

54.    In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '826

Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibit 19 (the "'826 Accused Products"). Plaintiffs reserve the right to assert additional claims of the '826 Patent.

55. Upon information and belief, the '826 Accused Products satisfy each of the limitations of at least claim 1 of the '826 Patent, as further set forth in Exhibit 19 and incorporated herein.

56. Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

57. As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

58. On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as November 28, 2018, MaxLite had actual knowledge of the '826 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '826 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '826 Accused Products into the United States in disregard of the '826 Patent.

## Count VI
### (Infringement of U.S. Patent No. 9,897,265)

59. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 58 above as if fully set forth herein.

60. The '265 Patent was duly and legally issued on Feb. 20, 2018. The '265 Patent is valid and enforceable. A copy of the '265 Patent is attached hereto as Exhibit 6.

61.     In violation of 35 U.S.C. § 271, MaxLite has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '265 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the products identified in Exhibit 20-21 (the "'265 Accused Products"). Plaintiffs reserve the right to assert additional claims of the '265 Patent.

62.     Upon information and belief, the '265 Accused Products satisfy each of the limitations of at least claim 1, 2, 3, 15, 19, and 22 of the '265 Patent, as further set forth in Exhibits 20-21 and incorporated herein.

63.     Plaintiffs have no adequate remedy at law for MaxLite's acts of infringement.

64.     As a direct and proximate result of MaxLite's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless MaxLite's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

65.     On information and belief, MaxLite's past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as November 28, 2018, MaxLite had actual knowledge of the '265 Patent and that MaxLite's activities were infringing this patent. After receiving actual knowledge of the '265 Patent, MaxLite has continued to make use, offer for sale, sell, and/or import the '265 Accused Products into the United States in disregard of the '265 Patent.

**<u>Prayer for Relief</u>**

66.     WHEREFORE, Plaintiffs pray that the Court enter an order granting the following relief:

a. A judgment in favor of Plaintiffs that MaxLite has infringed and continues to infringe, either literally and/or under the doctrine of equivalents, the Patents-in-Suit;

b. A permanent injunction prohibiting MaxLite from further acts of infringement;

c. A judgment and order requiring MaxLite to pay Plaintiffs' damages, costs, expenses, and any enhanced damages, including under 35 U.S.C. § 284, to which Plaintiffs are entitled for MaxLite's infringement;

d. A judgment and order requiring MaxLite to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against MaxLite; and

f. Any and all other relief, in law and in equity, as the Court may deem appropriate and just under the circumstances.

### **Demand for Jury Trial**

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

PATENT INFRINGEMENT COMPLAINT

1   DATED:  May 8, 2019                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
2

3

4                                      By ___/s/ *Zachariah Summers*___
5

6                                         Zachariah Summers (SBN 255284)
                                          zachsummers@quinnemanuel.com
7                                         QUINN EMANUEL URQUHART
                                            & SULLIVAN, LLP
8                                         865 S. Figueroa St., 10th Floor
                                          Los Angeles, California 90017
9                                         Telephone:  (213) 443-3000
                                          Facsimile:  (213) 443-3100
10

11                                        Raymond N. Nimrod (*pro hac vice* pending)
                                          raynimrod@quinnemanuel.com
12                                        Richard W. Erwine (*pro hac vice* pending)
                                          richarderwine@quinnemanuel.com
13                                        51 Madison Avenue, 22nd Floor
                                          New York, NY 10010
14                                        Telephone:  (212) 849-7000
                                          Facsimile:  (212) 849-7100
15

16

17                                        *Attorneys for Plaintiffs Jiaxing*
                                          *Super Lighting Electric Appliance Co., Ltd.,*
18                                        *and Obert, Inc.*

19

20

21

22

23

24

25

26

27

28